UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

THE CITY OF NEW YORK,

                        Plaintiff,

        -against-

TRAVELERS INDEMNITY COMPANY,

                        Defendant.

------------------------------------------------------------------------x

Case No. 19 cv _____

**COMPLAINT**

Plaintiff, The City of New York ("City"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, alleges upon personal knowledge as to itself and upon information and belief as to all other matters:

## INTRODUCTION

1. This is an action for a declaratory judgment that defendant Travelers Indemnity Company ("Travelers Indemnity") has a duty to defend the City in the personal injury action captioned *Barbara Garay v. The City of New York, New York City Department of Transportation, Empire City Subway Company (Limited), Consolidated Edison Company of New York, Inc., and C.A.C. Industries*, Supreme Court, Bronx County, Index No. 23379/2017E (the "*Garay* Action"), and must reimburse the City for the costs it has incurred defending itself since the City tendered its defense to Travelers Indemnity in June 2017.

## PARTIES

2. The City is a municipal corporation organized pursuant to the laws of the State of New York.

3. Defendant Travelers Indemnity Insurance Company is an insurance company domiciled in Connecticut with its principal place of business at One Tower Square,

Hartford, Connecticut 06183. Travelers Indemnity Insurance Company is licensed to transact and engages in the business of insurance in the State of New York.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this action pursuant to declaration because this is a civil action seeking a declaration of rights between citizens of different States and the amount in controversy exceeds $75,000,00, exclusive of interest and costs.

5. The Court has personal jurisdiction over Travelers Indemnity pursuant to N.Y. C.P.L.R. § 302(a)(1) because the City's claims arise out of Travelers Indemnity's transaction of business within the State of New York.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

**A.     The City's Contract with C.A.C. Industries, Inc.**

7. On or about June 23, 2014, C.A.C. Industries, Inc. ("C.A.C."), a construction company, entered into a contract with the City, acting through the New York City Department of Design and Construction ("DDC") — with the contract bearing City contract number CT185020141428669, DDC Project ID # HWSRT2009, and City procurement-identification number 8502014HW0060C — to furnish all labor and materials necessary and required for "Safe Routes to Transit, Phase IV, in the Vicinity of the Following Locations: White Plains Road at Allerton Avenue[,] White Plains Road at East 219th Street[,] Including Curb and Sidewalk Extension, Sewer, Water Main, Street Lighting and Traffic Signal Work Together With

All Work Incidental Thereto[,] Borough of The Bronx" (the June 23, 2014 contract, together with all subsequent amendments and change orders, referred to collectively as the "Contract").[1]

8. C.A.C.'s operations under the Contract included opening the roadway at Allerton Avenue in the Bronx, between Olinville Road and White Plans Road, to perform major reconstruction for the purpose of providing pedestrians and commuters with safe walking routes in the vicinity of public transit locations. More specifically, the Contract required C.A.C. to furnish necessary labor and materials and perform construction to construct bus boarding islands or curb extensions at existing bus stop locations beneath the elevated #2 and #5 subway train lines that run from north to south along White Plains Road between East 219th Street and the subway station at Allerton Avenue.

9. The Contract required C.A.C. to obtain a commercial general liability policy in the amounts of no less than $3,000,000 per occurrence and $6,000,000 in the aggregate, covering liability arising out of any operations thereunder. The Contract further required C.A.C. to have the City added as an additional insured under the policy to protect the City against liability arising out of any operations under the Contract.

10. In addition, the Contract requires C.A.C. to "defend, indemnify, and hold the City . . . harmless against any and all claims . . . and costs and expenses of whatever kind . . . allegedly arising out of or in any way related to the operations of [C.A.C.] and/or its Subcontractors in the performance of th[e] Contract or from [C.A.C.'s] and/or its Subcontractors' failure to comply with any of the provisions of th[e] Contract or of the Law."

---

[1] A true and correct copy of the Contract is available on DDC's website at https://ddc.foil.nyc/files/documents/CONTRACT_-_HWSRT2009.pdf (last visited May 6, 2019).

**B.     C.A.C. Purchases from Travelers Indemnity an Insurance Policy, Which Names the City as an Additional Insured**

11.    Pursuant to its obligation under the Contract, C.A.C. purchased from Travelers Indemnity a series of commercial general liability insurance policies, including a policy in effect from June 29, 2015 through June 29, 2016 and bearing policy number VTC2KCO828K6241IND15 (the "Policy").

12.    C.A.C. is a named insured under the Policy.

13.    The City is an additional insured under the Policy.

**C.     C.A.C.'s Permit with the City to Perform Work on Allerton Avenue, between Olinville Avenue and White Plains Road**

14.    On or about July 27, 2015, C.A.C. applied for and obtained a street opening permit from the New York City Department of Transportation (DOT), allowing C.A.C. to "open the roadway and/or sidewalk" on Allerton Avenue, between Olinville Avenue and White Plains Road in the Bronx, for a maximum of 500 feet, in connection with performing major roadway reconstruction for DDC Project ID # HWSRT2009 for the purpose of "SAFE ROUTES TO TRANSIT." The permit was issued on July 27, 2015 and was valid from August 7, 2015 through November 4, 2015 (the "Permit").

15.    DOT's Bureau of Highway Operations rules and regulations, in effect at the time C.A.C. applied for and obtained the Permit, required that permit applicants obtain a commercial general liability insurance policy in the minimum amount of $1 million per occurrence under which the City is named as an additional insured. 34 R.C.N.Y. § 2-02(a)(3)(i) (2009). The Highway Rules further provided that the policy shall "provide coverage to protect the City and the applicant from claims for . . . bodily injury . . . which may arise from any operations performed by or on behalf of the applicant for which [DOT] has issued it a permit," "provide coverage at least as broad as that provided by the most recent edition of ISO Form CG

0001," "provide coverage for completed operations," "provide that the City and its officials and employees are Additional Insureds with coverage at least as broad as set forth in ISO Form CG 20 26 (11/85 ed.)," and "provide that the limit of coverage applicable to the Named Insured is equally applicable to the City as Additional Insured."  34 R.C.N.Y. § 2-02(a)(3)(i)(B), (C), (D), (F), (G) (2009).

16. An authorized representative of C.A.C. signed an application for the Permit, which contained the following language, just above the signature line: "The applicant agrees to comply with all laws and rules of the department and other applicable laws and rules. No permit shall be issued unless all applicable insurance and permit bonds are on file."

17. The Permit, signed by an authorized representative of the City, contained the following language: "PERMITTEES SHALL COMPLY WITH ALL APPLICABLE LAWS, RULES AND SPECIFICATIONS OF THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION AND WITH THE TERMS AND CONDITIONS OF THE PERMIT."

18. Accordingly, the Permit and the application for the Permit together constitute a separate contract, pursuant to which C.A.C. was obligated to procure insurance coverage covering the City, including coverage for the permitted activity and completed operations.

**D.**     **The Facts of the *Garay* Action**

19. On February 16, 2016, at approximately 8:30 p.m., Barbara Garay ("Garay") was allegedly injured when she tripped and fell while walking in the roadway located at Olinville and Allerton Avenues in the Bronx.

20. On or about May 4, 2017, the City was served with the summons and complaint in the *Garay* Action.

21. The complaint in the *Garay* Action names the City and C.A.C. as defendants and alleges that:

(a) At all relevant times, including on February 16, 2016, the City, C.A.C., and their respective servants, agents, and/or employees owned, leased, operated, managed, maintained, controlled, constructed, supervised, repaired, and inspected the roadway located at Olinville and Allerton Avenues in the Bronx (*Garay* Compl. ¶¶ 29–52, 77–88);

(b) Garay was lawfully present upon the roadway and crosswalk when, on February 16, 2016, at approximately 8:30 p.m., she was caused to trip and fall due to broken, raised, uneven, depressed, deteriorated, defective, dangerous and hazardous, raised metal plates in the roadway at Olinville and Allerton Avenues in the Bronx (*id.* ¶¶ 89, 91); and

(c) Garay sustained serious and severe personal injuries due to the negligence, carelessness, and recklessness of the City, C.A.C., and their respective servants, agents, and/or employees in: (i) the ownership, operation, maintenance, construction, installation, placement, replacement, supervision, inspection, control and repair of the roadway and the metal plates at the location; (ii) causing and creating a dangerous condition and/or failing to cure it; (iii) failing to warn of the condition or take reasonable steps, precautions, and safeguards to keep the roadway and plates and appurtenances in safe and suitable condition for pedestrians; (iv) failing to keep and maintain a safe and suitable means of ingress and egress for pedestrians; (v) failing to provide adequate supervision and/or security; and (vi) failing to provide or employ sufficiently capable and trained personnel to adequately supervise, manage, and maintain the roadway (*id.* ¶¶ 90–93).

22. The allegations set forth in the *Garay* Action are within the coverage of the Policy because Garay alleges bodily injury caused by C.A.C.'s acts or omissions in the course of its operations under the Contract to provide safe walking routes in the vicinity of public transit locations, including the crosswalk at Olinville and Allerton Avenue.

23. The allegations set forth in the *Garay* Action are also within the coverage of the Policy because Garay alleges injuries arising out of a defective roadway on Allerton Avenue, between Olinville Avenue and White Plains Road in the Bronx, which is the location where C.A.C. was performing major roadway reconstruction between August 7, 2015 and

November 4, 2015, pursuant to the Permit, under which C.A.C. was required to obtain completed-operations liability coverage for the City as an additional insured under the Policy.

24. By letter dated June 19, 2017, the New York City Law Department ("Law Department"), on behalf of the City, tendered by facsimile the defense of the *Garay* Action by notifying Travelers Indemnity of the City's receipt of the *Garay* Complaint and forwarding a copy of the *Garay* Complaint, along with a broker-certified certificate of insurance, dated June 25, 2015, which listed C.A.C. as the named insured and the City as an additional insured on the Policy that Travelers Indemnity issued with respect to: "FMSID: HWSRT2009, DDC PIN: 8502014HW0060C, Safe Routes to Transit, Phase IV in the vicinity of the following locations: White Plains Road at Allerton Avenue, Etc. – Borough of the Bronx."

25. On June 20, 2017, a Travelers claim professional emailed the assigned Law Department insurance claims specialist the following message:

> Date of Loss: 02/16/2016
> Plaintiff: Barabara [sic] Garay
> Travelers Insured: C.A.C Industries, Inc.
> Travelers Claim: A4N7241
>
> Good Afternoon Ms. Jones:
>
> It was a pleasure speaking with you today. As discussed, we are in receipt of your tender for additional insured coverage for the City of New York under C.A.C. Industries, Inc.'s general liability policy with Travelers.
>
> We are researching this matter.
>
> Please forward to me:
>
> 1. Any and all permits on which you base the tender
> 2. The contract on which you base the tender
> 3. 50H hearing transcript
> 4. Any related photos

26. The Law Department claims specialist emailed back on June 20, 2017, and stated that she and the Travelers claim professional had only discussed the permit and the contract, that the Law Department does not send out 50-h hearing transcripts in connection with insurance tender requests, and that she had no photos. She further attached a copy of the DOT Permit, and advised that C.A.C. would have a copy of the Contract.

27. Travelers Indemnity did not respond to this June 20, 2017 email and has had no further communication with the Law Department regarding the City's tender of the defense of the *Garay* Action.

28. To date, Travelers Indemnity has not acknowledged its duty to defend the City in the *Garay* Action.

29. Upon information and belief, Travelers Indemnity has meanwhile provided a defense in the *Garay* Action to the City's codefendant, the named insured C.A.C., since at least May 26, 2017, which is when Howard T. Code, an attorney with the Law Office of Thomas K. Moore, LLP — whose letter correspondence states that "[a]ll attorneys are employees of The Travelers Indemnity Company and its property casualty affiliates" — filed a Verified Answer and discovery demands on behalf of C.A.C. in the *Garay* Action [Dkt. Nos. 11, 31].

D. **Travelers Indemnity's Liability**

30. Travelers Indemnity's refusal to acknowledge its duty to defend the City in the *Garay* Action is contrary to the Policy and has no basis in the law.

31. As a result of Travelers Indemnity's wrongful failure to provide the City with a defense in the *Garay* Action, the City has been forced to defend itself through the Law Department.

### FIRST CAUSE OF ACTION — AGAINST TRAVELERS INDEMNITY
### (Declaration of Duty to Defend — *Garay* Action)

32. The City repeats and realleges paragraphs 1 through 31, as if fully set forth herein.

33. Despite the City's demand for a defense in the *Garay* Action, Travelers Indemnity has failed and refused to do so, in breach of its obligations under the Policy.

34. Travelers Indemnity's failure to defend the City in the *Garay* Action violates the 2017-18 Policy and the law.

35. There is therefore an actual controversy of a justiciable nature between the City and Travelers Indemnity as to whether Travelers Indemnity is obligated to defend the City in the *Garay* Action under the terms of the Policy. A judicial declaration that Travelers Indemnity is obligated to defend the City is necessary and appropriate at this time because, as a result of Travelers Indemnity's wrongful failure to accept the City's tender of defense, the City has been forced to incur costs and expenses in providing its own defense.

### SECOND CAUSE OF ACTION — AGAINST TRAVELERS INDEMNITY
### (Recovery of Defense Costs — *Garay* Action)

36. The City repeats and realleges paragraphs 1 through 31, as if fully set forth herein.

37. Beginning no later than the City's June 19, 2017 demand in the *Garay* Action, Travelers Indemnity has been obligated to defend the City.

38. Despite the City's demand that Travelers Indemnity provide the City with a defense in the *Garay* Action, Travelers Indemnity has failed and refused to do so.

39. When an insurance carrier has wrongfully refused to acknowledge its defense obligation, the Law Department charges the carrier $300 an hour for attorney time and $90 an hour for paralegal time.

9

40. Travelers Indemnity is accordingly liable for the City's defense costs in the *Garay* Action beginning no later than June 19, 2017 through the time, if any, that Travelers Indemnity agrees to provide such defense, at the rate of $300 an hour for attorney time and $90 an hour for paralegal time, plus out-of-pocket costs and interest.

**WHEREFORE**, the City demands judgment:

(a) On the First Cause of Action declaring that Travelers Indemnity is obligated under the Policy to defend the City in the *Garay* Action;

(b) On the Second Cause of Action, against Travelers Indemnity for attorneys' fees and expenses relating to the City's defense of the *Garay* Action, at the rate of $300 per hour for attorney time and $90 per hour for paralegal time plus out-of-pocket expenses and interest, from no later than June 19, 2017 through the time that Travelers Indemnity provides such defense of the *Garay* Action, in an amount to be proven at trial; and

(c) For such other relief as this Court may deem just and proper.

Dated:   New York, New York
         May 7, 2019

                                                  ZACHARY W. CARTER
                                                  Corporation Counsel of the
                                                      City of New York
                                                  *Attorneys for Plaintiff The City of New York*
                                                  100 Church Street, Rm. 20-102
                                                  New York, New York 10007
                                                  (212) 356-2035

By: _/s/ Anjan Mishra_
                                                 Anjan Mishra
                                                 Assistant Corporation Counsel

Of Counsel:  Eric Proshanky, Deputy Chief, Affirmative Litigation Division